IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**STACY DREIFKE**
401 N. Madison Ave., Apt. 1
Cambria, WI 53923

       Plaintiff,

    vs.

**DWM LLC d/b/a DAYS INN**
6311 Rostad Circle
Windsor, WI 53598

       Defendant.

Case No. 18-cv-501

---

## COMPLAINT

---

Plaintiff, Stacy Dreifke, by her attorneys, Hawks Quindel, S.C., for her Complaint against Defendant, DWM LLC d/b/a Days Inn, states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff was employed by Defendant, DWM LLC d/b/a Days Inn, from 2001 to May 19, 2018 as a front desk manager. During her employment, and within the three-year period preceding this Complaint, Plaintiff was paid a fixed annual salary of $30,000 and provided no additional compensation for overtime hours. Despite this, Plaintiff regularly worked hours over forty (40) in a workweek. Plaintiff seeks payment of overtime wages, an equal amount in liquidated damages, and payment of attorney's fees and costs in bringing this action.

## PARTIES

1. Plaintiff, Stacy Dreifke, is an adult resident of the state of Wisconsin. Plaintiff's signed Consent Form is attached to this Complaint as Exhibit A and is incorporated herein by reference.

2. At all times material to this matter, Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e)(1).

3. Defendant, DWM LLC d/b/a Days Inn, is a domestic business with its principal office at 6311 Rostad Circle, Windsor, Wisconsin 53598. DWM LLC's registered agent for service of process is Nick Patel.

4. At all times relevant to this Complaint, DWM LLC was the "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. At all times material to this Complaint, DWM LLC has employed more than two employees.

6. Upon information and belief, at all times material to this Complaint, DWM LLC has employees who are engaged in commerce.

7. Upon information and belief, at all times material to this Complaint, DWM LLC has had an annual dollar volume of sales or business done of at least $500,000.

8. Upon information and belief, at all times material to this Complaint, Plaintiff was an employee engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

10. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a facility in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

11. Defendant employed Plaintiff as a front desk manager at its Days Inn in Windsor, Wisconsin from 2001 through May 19, 2018.

12. During the three years preceding the filing of this Complaint, Plaintiff's job duties included managing the front desk at the motel, laundry, cleaning, checking guests in and out, making reservations, responding to guest questions, and preparing the breakfast area.

13. During the three years preceding the filing of this Complaint, Plaintiff used a timeclock to record her hours worked.

14. During the three years preceding the filing of this Complaint, Plaintiff did not customarily and regularly direct the work of two or more other full-time employees.

15. During the three years preceding the filing of this Complaint, Plaintiff did not set or adjust the rate of pay for other employees, recommend promotions or discipline for other employees, or handle employee complaints or grievances.

16. During the three years preceding the filing of this Complaint, Plaintiff was paid an annual salary of $30,000.

17. During the three years preceding the filing of this Complaint, Plaintiff was customarily and regularly suffered and permitted to work hours in excess of forty (40) in a workweek.

18. During the three years preceding the filing of this Complaint, Plaintiff was not paid overtime compensation when she worked in excess of forty (40) hours in a workweek.

CAUSE OF ACTION:
FAILURE TO PAY OVERTIME WAGES
IN VIOLATION OF THE FLSA

19. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

20. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

21. During her employment with Defendant, Plaintiff's job duties were not those of a bona fide administrative, executive, or professional employee.

22. During her employment with Defendant, Plaintiff was suffered and permitted to work hours over forty (40) in a workweek for Defendant without overtime compensation.

23. Defendant's practices violate the provisions of the FLSA, including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

24. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime wages in violation of the FLSA.

25. Plaintiff seeks damages in the amount of twice the unpaid overtime wages earned during the relevant statutory period as well as attorney's fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding him:

A. The overtime compensation owed to Plaintiff under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

B. Liquidated damages in an amount equal to the amount awarded to her as overtime wage compensation, as provided in 29 U.S.C. § 216(b);

C. All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b); and

D. Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under the FLSA.

Dated: June 28, 2018.

                              **HAWKS QUINDEL, S.C.**
                              *Attorneys for the Plaintiff*

                              By: */s/David C. Zoeller*
                              David C. Zoeller, State Bar No. 1052017
                              Email: dzoeller@hq-law.com
                              Caitlin M. Madden, State Bar No. 1089238
                              Email: cmadden@hq-law.com
                              409 East Main Street
                              Madison, Wisconsin 53701-2155
                              Telephone: (608) 257-0040
                              Facsimile: (608) 256-0236